## John Vanhouser v. The State.

No. 4016.    Decided February 19, 1908.

**1.—Aggravated Assault—Charge of Court.**

Where upon trial for aggravated assault the evidence showed that the defendant and the prosecutrix with other parties were engaged in a fight and that defendant simply pushed her off in order to get rid of her, without intending to injure her, the court should have submitted a proper charge on this phase of the case; a special instruction having been requested.

**2.—Same—Intent to Injure—Legal Presumption—Charge of Court.**

A party accused of crime, wherever the law indulges the presumption adversely to him, has the right to meet and overcome that presumption by proper evidence, and where the testimony raises a want of intent to injure in a trial for aggravated assault, a charge upon this phase of the case should be given when requested.

**3.—Same—Impeachment—Witness.**

Where defendant's witness denied certain conduct which if it occurred was not in the presence of the defendant, and simply an opinion of the witness, he could not be impeached thereon by the State.

Appeal from the County Court of Jack. Tried below before the Hon. Sil Stark.

Appeal from a conviction of aggravated assault; penalty, a fine of $25. The opinion states the case.

*Nicholson & Fitzgerald,* for appellant.—On question of impeaching testimony: Owens v. State, 46 Texas Crim. Rep., 14; 79 S. W. Rep., 575; Clifton v. State, 46 Texas Crim. Rep., 18; 79 S. W. Rep., 824; Simpson v. State, 85 S. W. Rep., 16; Williams v. State, 24 Texas Crim. App., 637; Lankster v. State, 72 S. W. Rep., 388.

*F. J. McCord,* Assistant Attorney-General, for the State.—On the question of impeaching testimony: Samuels v. State, 25 Texas Crim. App., 537.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for an aggravated assault upon Mrs. Vina Calihan.

The evidence shows that appellant went to the house of Jess Calihan (husband of prosecutrix) to remove some of his effects that were stored in a room in the house. About the time he entered the room, his son, Vester Vanhouser, came up and he and Jess Calihan became involved in a personal difficulty. Jess Calihan testified that appellant run in and reached into his (Calihan's) pocket and got Calihan's knife and started away; that his wife, the alleged assaulted party, who was standing near, also became involved and was trying to pull appellant away, or had hold of him; and that appellant either pushed or struck her and passed out of the difficulty. Prosecutrix testified that appellant struck her in the side; and, further, that he undertook to pass out of the door when she sought to obstruct his egress, but that he went out any way. Vester Vanhouser testified in behalf of the defendant, that some words occurred between himself and Jess Calihan, which led finally to a personal difficulty, and that Calihan pulled his knife from his pocket, and when he did, that he (Vester Vanhouser) approached and caught hold of him and the fight followed. That while they were engaged in the fight, that his father, (appellant) reached for and took the knife away from Calihan, but did not strike Mrs. Calihan. That Mrs. Calihan entered into the difficulty with her husband against him; that his father then started towards them to pull Mrs. Calihan off, but a bystander, who was also related to appel-

lant, interfered and prevented appellant from touching the woman. Appellant proved he did not strike or push Mrs. Calihan.

As we understand the evidence, it raises the issue; first, that appellant struck Mrs. Calihan in the side; second, that he only pushed her away to get rid of her, she having hold of him; and third, that he did not strike or push her at all. The court submitted to the jury the general proposition only, that if they believed beyond a reasonable doubt appellant committed an assault upon Mrs. Calihan, she being a woman, and appellant an adult male, it would constitute aggravated assault. Exception was reserved to the charge, and special charges requested, in substance, submitting the other issues of the case, which were refused. Appellant also excepted to that action of the court.

If appellant struck Mrs. Calihan, he being an adult male and she a woman, it would constitute an aggravated assault; but if she had assaulted him or caught him, as some of the testimony indicates, engaging in the fight, and he simply pushed her off, in order to get rid of her, this raised the question as to whether this would be an assault; and in connection with this, the jury should have been told, that if they so believed, it would not be an assault, and especially so, if there was no intent to injure her, but his purpose only being to use sufficient force in order to rid himself of her seizure or attack. This phase of the law was embodied in this special instruction, which was refused: "You are instructed that to constitute the offense of aggravated assault in this case the intention of the defendant to do some unlawful violence or do some injury to the person of Vina Calihan, the prosecuting witness in this case, is an essential element of said offense, and if you find and believe from the evidence that all the violence used by defendant, if any, on said occasion herein charged was to take Vina Calihan off of Vester Vanhouser, that in doing so, if he did, he used no more force than was necessary to do so and without any intention to hurt or do any violence to said Vina Calihan, you will acquit." This charge should have been given, as it was called for by the evidence of the case.

It should also have been given in the charge, as it was suggested by the facts, that if Vina Calihan had seized appellant and he simply pushed her away in order to free himself of her attack without any intention of injuring her, this justified an acquittal. We understand that the statute provides, wherever violence is used, the intention to injure will be presumed, and the accused will be called upon to meet this provision of the law. This, however, is but a legal presumption, and the accused, of course, in the trial would have the right to meet and overcome this presumption; and whenever it becomes an issue in the case the jury would have the right to decide under the facts. A party accused of crime, wherever the law indulges a presumption adversely to him, has the right to meet and overcome that presumption if it be within his power, by proper evidence. These issues were in the case, and the charges requested should have been given.

Without going further into these requested charges, and the questions

involved, we think the matters above stated will sufficiently indicate how the case should be charged to the jury upon another trial.

Vester Vanhouser testified in behalf of appellant, and on cross-examination the State, for the purpose of laying a predicate to impeach, asked the witness if he did not, while testifying in the justice court, state that when he met Calihan and his wife on the morning preceding the difficulty he turned and went back to Calihan's house because he expected some trouble. The witness having denied it, the State introduced a witness to prove that he made this statement. This, of course, was for the purpose of impeachment. We are of opinion this testimony was not admissible. It was said in the absence of the defendant; it expressed his opinion as to what might occur, and could not be used against appellant. See Drake v. State, 29 Texas Crim. App., 265, and quite a number of authorities unnecessary to notice following the Drake case.

For the reasons indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*